## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
May 1, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL MOORE,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1474**  (BOR Appeal No. 2047283)
(Claim No. 2002017711)

**ROCKSPRING DEVELOPMENT, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Michael Moore, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockspring Development, Inc., by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2012, in which the Board affirmed a May 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 5, 2010, decision granting Mr. Moore an additional 4% permanent partial disability award, and granted Mr. Moore an additional 6% permanent partial disability award, for a total of a 15% permanent partial disability award for the compensable injuries to his right shoulder and resulting distal clavicle resection. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moore sustained multiple injuries while pulling a cable during the course of his employment as an underground coal miner on August 6, 2001. The claim was subsequently held compensable for right elbow sprain, ulnar neuropathy of the right upper extremity, bilateral carpal tunnel syndrome, and supraspinatus tear of the right shoulder. Following the compensable

1

injury, Mr. Moore underwent an arthroscopic acromioplasty and resection of the distal clavicle of the right shoulder, as well as a right tennis elbow release.

Mr. Moore has received a 12% permanent partial disability award for bilateral carpal tunnel syndrome. On July 29, 2005, the claims administrator granted him a 6% permanent partial disability award for the compensable injuries to his right shoulder. This decision was reversed by the Office of Judges on April 11, 2007, and Mr. Moore was granted a 9% permanent partial disability award for injuries to the right shoulder. On February 5, 2009, Paul Bachwitt, M.D., performed an independent medical evaluation. He recommended an impairment rating of 5% for the right shoulder, with no impairment rating assigned to the distal clavicle resection, and recommended an impairment rating of 4% for the right elbow. Based on Mr. Moore's prior 9% permanent partial disability award for the right shoulder, he recommended an additional 4% permanent partial disability award for the compensable right elbow injury. On March 5, 2010, the claims administrator granted Mr. Moore an additional 4% permanent partial disability award based on Dr. Bachwitt's recommendation.

Mr. Moore underwent two additional independent medical evaluations following the claims administrator's March 5, 2010, decision. On December 28, 2010, Bruce Guberman, M.D., examined Mr. Moore and recommended a 15% impairment rating for the right shoulder, with an additional 10% impairment rating for the distal clavicle resection, and recommended a 12% impairment rating for the right elbow. He determined that this translated into 20% whole person impairment sustained as a result of the compensable right elbow and shoulder injuries. Based on Mr. Moore's prior awards totaling 13% for the right shoulder and elbow, he recommended an additional 7% permanent partial disability award. On October 19, 2011, Prasadarao Mukkamala, M.D., examined Mr. Moore and recommended a 14% impairment rating for the right shoulder, with an additional 10% impairment rating for the distal clavicle resection, and recommended a 2% impairment rating for the right elbow. He determined that this translates into 15% whole person impairment sustained as a result of the compensable right elbow and shoulder injuries.

In its Order reversing the March 5, 2010, claims administrator's decision, the Office of Judges held that Mr. Moore is entitled to an additional 6% permanent partial disability award, for a total of a 15% permanent partial disability award for the compensable injuries to his right shoulder and resulting distal clavicle resection. Mr. Moore disputes this finding and asserts, per the opinion of Dr. Guberman, that he is entitled to a total of a 20% permanent partial disability award for his compensable injuries.

The Office of Judges found that with respect to the amount of impairment attributable to the right shoulder, the findings of Dr. Guberman and Dr. Mukkamala are very similar. The Office of Judges therefore concluded that Mr. Moore is entitled to a total of a 15% permanent partial disability award for the right shoulder. The Office of Judges then found that Dr. Guberman's impairment recommendation for the right elbow differs significantly from the recommendations of Dr. Bachwitt and Dr. Mukkamala. Finally, the Office of Judges found that Dr. Guberman's impairment recommendation for the right elbow is excessive, and did not grant Mr. Moore an additional permanent partial disability award for that body part. The Board of

Review reached the same reasoned conclusions in its decision of December 5, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II